United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEST AFRICAN VENTURES LIMITED and SEA TRUCKS GROUP FZE, §§§§§ Plaintiffs, §§ v. §§§ NED M. FLEMING, III, CRAIG JENNINGS, and SUNTX CAPITAL II MANAGEMENT CORP., §§§§§§ Defendants. | CIVIL ACTION NO. H-21-4124 |

**MEMORANDUM AND OPINION**

The plaintiffs agreed to sell equipment and make personnel available to subsidiaries of an offshore drilling company. When the subsidiaries missed payments, the plaintiffs sought guarantees from the subsidiaries' related companies, including a limited partnership and two individuals who were officers of the limited partnership. When the guarantors failed to pay, the plaintiffs sued the limited partnership for breach of the payment guarantees. The plaintiffs obtained a judgment against the limited partnership but discovered that it had no assets. The plaintiffs then brought this fraud action against the limited partnership's general partner and the individuals who had signed the guarantees. The plaintiffs allege that the defendants made misrepresentations and omissions about the limited partnership's ability and intent to pay the obligations it guaranteed.

The plaintiffs have moved for partial summary judgment, seeking a finding that the general partner is liable for the unpaid judgment against the limited partnership. (Docket Entry No. 41). The defendants do not contest the general partner's liability for that judgment. (Docket Entry No. 44). The court therefore grants the plaintiff's motion. The defendants have moved for partial summary judgment on the remaining claims, arguing that the plaintiffs have failed to submit or

point to record evidence that would allow a jury to find them liable for fraud. (Docket Entry No. 40). Based on the parties' briefs, the record, and the relevant law, the court grants the defendants' motion. The reasons are set out below.

I.  **Background**

The summary-judgment record has not changed the background to this dispute more fully described by the court in its previous opinion. (Docket Entry No. 28 at 2–5).

In brief, the plaintiffs, West African Ventures Limited and Sea Trucks Group FZE, provide equipment and personnel for use and labor in the West African offshore oil and gas industry. The plaintiffs entered into agreements to provide equipment and personnel to two subsidiaries of Ranger Offshore, Inc. These agreements related to two specific projects. After the Ranger subsidiaries missed several payments, the plaintiffs sought and obtained guarantees from SunTx Limited, Ranger's equity sponsor. The individual defendants, Ned Fleming and Craig Jennings, signed those guarantees on behalf of SunTx Limited. Fleming was the President of SunTx General. Jennings was the Vice President and CFO of SunTx General.

The Ranger subsidiaries defaulted on their obligations. The plaintiffs sought payment from the guarantors, Ranger Offshore and SunTx Limited, and sued them for nonpayment in this court. *See* Docket Entry No. 1, *W. Afr. Ventures Ltd. v. Ranger Offshore, Inc.*, No. 4:17-cv-548 (S.D. Tex. Feb. 20, 2017). The plaintiffs ultimately obtained a judgment for over $34 million. After that judgment, the plaintiffs discovered that SunTx Limited had no assets to pay the judgment. The plaintiffs then brought this action.

II.  **The Legal Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir.

2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City*

3

*of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## III.    Analysis

The defendants argue that there is no evidence that they made a material misrepresentation or failed to disclose a material fact; that the plaintiffs fail to show justifiable reliance on any alleged misrepresentation or omission, and that the plaintiffs have failed to submit evidence of damages. These arguments all address necessary elements of the plaintiffs' causes of action.  *See, e.g.*, *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., LLC*, 546 S.W.3d 648, 653 (Tex. 2018) (fraud); *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219–20 (Tex. 2019) (fraud by nondisclosure); *Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App.—El Paso 2013, no pet.) (negligent misrepresentation).

The defendants also argue that they are entitled to summary judgment on their affirmative defenses of limitations and res judicata.  Each argument is addressed below.

### A.    Misrepresentations and Reliance

The defendants argue that made no material misrepresentations, because they had the ability and intent to pay the guaranteed obligations when they executed the guarantees.  They point to the declaration of Craig Jennings, who states that when the guarantees were executed, SunTx Limited had assets of approximately $61 million. (Docket Entry No. 40-1 (Jennings Decl.) ¶ 8). Jennings's statement was based on independent auditors' reports dated December 15, 2015, less than a month after the guarantees were executed. (*Id.*; *see also* Docket Entry Nos. 40-2, 40-3 (guarantees); 40-11, 40-12 (auditors' reports)).  Jennings states that this $61 million represented the value of SunTx Limited's carried interest in the private equity fund it managed and for which it served as the general partner, Fund II.  (Jennings Decl. ¶ 6, 8).  Carried interest is the share of

4

fund profits returned to the general partner when the fund is liquidated. The value of the SunTx Limited's carried interest fluctuated with the value of Fund II's investments. (*Id.* ¶ 6 ("Thus, the value of this carried interest in Fund II was a right to 20% of the profits of Fund II to the fund's investors.")). From the date the guarantees were signed to the date the plaintiffs demanded payment on the guarantees, the carried interest declined in value. When the plaintiffs demanded payment, SunTx Limited could not cover the obligations it had guaranteed. (*Id.* ¶ 10).

Jennings states that when the defendants executed the guarantees, they would have been able to sell or borrow against their then-$61 million in carried interest to pay guaranteed obligations of at least $40 million. (*Id.* ¶ 9). Forty million dollars would have covered the eventual judgment issued in the plaintiffs' action against SunTx Limited. Docket Entry No. 139, *W. Afr. Ventures Ltd. v. Ranger Offshore, Inc.*, No. 4:17-cv-548 (S.D. Tex. March 12, 2020), *aff'd sub nom. W. Afr. Ventures Ltd. v. SunTx Cap. Partners II GP, L.P.*, 841 F. App'x 705 (5th Cir. 2021). The defendants argue that any representations indicating their ability to satisfy their obligations—or omissions of an inability to satisfy them—were true when the guarantees were executed.

The plaintiffs point to statements in the deposition testimony of Caleb Raywood, the general counsel of Sea Trucks Group, who had worked to negotiate the payment guarantees with Jim Lam and Chris Guinta. Raywood believed that Lam and Guinta were acting as agents of SunTx Limited. (Docket Entry No. 42 ¶ 20). Raywood testified that Lam and Guinta "implied" that "SunTx Capital Partners" was a "hedge fund" with "more than sufficient assets" to serve as guarantor; that it was "certainly implied that SunTx was a good guarantor for the [underlying] liabilities"; and that the negotiators "assure[d]" Raywood that "SunTx could respond to a demand on the guarantee." (*Id.* ¶ 23 (quoting Docket Entry No. 42-5 (Raywood Depo.) at 21:7–12, 27:4–8, 30:7–10, 33:24–34:2)).

The plaintiffs argue that because carried interest is illiquid, it could not serve as the basis on which SunTx Limited could represent its ability to pay the guaranteed obligations. (*Id.* ¶¶ 27–30). The plaintiffs do not directly dispute that carried interest may be sold or used as collateral for loans, but they argue that the defendants made no effort to either sell or borrow against this interest to ensure that they had assets they could use to pay the guaranteed obligations on demand. (*Id.* ¶ 30). The plaintiffs emphasize that SunTx lacked liquid assets at the time it executed the guarantees, making its execution of the guarantees a misrepresentation about its ability to pay if or when the plaintiffs demanded payment. (*Id.* ¶ 46). The plaintiffs also argue that this lack of liquid assets is evidence that SunTx Limited had no present intention of making any future payment when it executed the guarantees. (*Id.* ¶ 47).

As a threshold matter, the parties dispute whether the misrepresentations allegedly made by Lam and Guinta may be attributed to a SunTx entity, because Lam and Guinta were officers of Ranger. (*Id.* ¶¶ 20–22). The defendants argue that, even if an apparent agency relationship existed between SunTx Limited and Lam and Guinta, no such relationship existed between defendant SunTx General and those negotiators. (Docket Entry No. 45 at 3–4). In this analysis, the court assumes, without deciding, that Lam and Guinta's statements may be attributed to the defendants.

"Texas law permits a party alleging an actionable misrepresentation to attempt to prove that it was reasonably misled by a true but crucially incomplete statement that conveyed a false impression of the speaker's intentions." *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 381 (5th Cir. 2011) (citing *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 585 (Tex. App.—Houston [1 Dist.] 2007, no pet.)), *adhered to on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012). The plaintiffs' arguments fail because they have not provided or pointed to evidence that would sufficiently support a finding that the statements made by Lam or Guinta about SunTx

6

Limited's financial status were false. The plaintiffs' arguments also fail to point to evidence that their own reliance on Lam's and Guinta's "implications" about SunTx Limited's financial resources, or that SunTx Limited was a hedge fund, was justifiable.

The plaintiffs assert that Lam and Guinta represented that SunTx generally had "more than sufficient assets" to serve as guarantor, that SunTx was "creditworthy," that SunTx "was a good guarantor," and that SunTx "could respond to a demand on the guarantee." The plaintiffs characterize the defendants' carried-interest argument as "smoke and mirrors," "financial chicanery," and a "mirage," which even "Enron-style accounting alchemy" could not make real. (Docket Entry No. 42 ¶¶ 28–29, 46). Characterization and invective are not record evidence or legal authority. The plaintiffs do not cite cases holding that a party may not rely on the contemporary value of carried interest, or similar assets, to make representations of its ability and willingness to serve as a guarantor. The plaintiffs do not cite cases holding that present assets, used as the basis for executing a guarantee and impliedly representing a future ability to pay that guarantee if needed, must be liquid assets.[1] The plaintiffs have not pointed to evidence raising a factual dispute as to the truthfulness of Jennings's generalized statements about SunTx's ability to monetize its carried interest, or that SunTx could use that carried interest to pay the $61 million guarantee on demand. The plaintiffs have not cited authority supporting their argument that a guarantor must have a present assurance that it will have liquid assets sufficient to pay a guarantee in the future, if and when payment on that guarantee is demanded. While carried interest may be riskier than other monetizable assets, the plaintiffs cite no case holding that there is a risk threshold

---

[1] In fact, the plaintiffs knew that some of the assets were not liquid. Raywood recalled that Lam and Guinta described SunTx's assets as consisting of "investments," of which "businesses would be the main thing and investments." (Raywood Depo. at 23:7–11). He could not recall whether Lam and Guinta described SunTx as investing in things other than "businesses." (*Id.* at 25:21–23). Raywood clearly stated that "we did not have a discussion on how much free cash SunTx had." (*Id.* at 32:8–9).

7

above which an asset cannot form the basis of a representation about an ability to pay. Without other evidence putting into question SunTx Limited's future financial conditions or its present intent to pay the guaranteed amounts if needed in the future, the plaintiffs have failed to present a reasonable basis for a finding that the defendants made actionable misrepresentations or that SunTx Limited executed the guarantees with no present intent to pay the guaranteed obligations if and when demanded.

Furthermore, plaintiffs have not submitted evidence supporting a finding that they justifiably relied on Lam and Guinta's representations to their detriment. *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 612 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (fraud claims require proof of detrimental reliance) (citing *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex.1997)); *Orca Assets*, 546 S.W.3d at 653. The plaintiffs have pointed to no evidence in the record showing that they relied on Lam's and Guinta's description of SunTx—without specifying a SunTx entity—as a "hedge fund." There is no evidence in the record suggesting that the plaintiffs sought further financial information from SunTx to satisfy themselves that Lam and Guinta accurately presented its financial position. There appears to have been little to no diligence, much less "due" diligence.

The court grants the defendants' motion for summary judgment because the plaintiffs have failed to put forward evidence that could support a factual finding that the defendants made material misrepresentations or omissions as to their future ability to pay $61 million if and when demanded, or that the defendants executed the guarantees with the present intent not to pay if and when demanded.

### B. Affirmative Defenses

The defendants argue that limitations and preclusion bar the plaintiffs' action. Each defense is addressed below.

1.     **Limitations**

The defendants argue that the alleged misrepresentations or omissions occurred in November 2015 and February 2016, and the relevant limitations periods for the plaintiffs' claims are two or four years. (Docket Entry No. 40 at 20). This suit was filed in December 2021, more than four years after either of those dates. (*See* Docket Entry No. 1).

The plaintiffs argue tolling under the discovery rule and fraudulent concealment doctrines. (Docket Entry No. 42 ¶ 54). The plaintiffs argue that they did not know, and could not have known, of the defendants' alleged fraud before the 2021 postjudgment discovery in *W. Afr. Ventures*, No. 4:17-cv-548. The plaintiffs argue that, until then, they had no ability to investigate SunTx Limited's finances. (Docket Entry No. 42 ¶ 56). In reply, the defendants argue that the plaintiffs knew that they suffered injury—the guarantors' failure to pay—when they filed their previous lawsuit in 2017. (Docket Entry No. 45 at 13).

The discovery rule tolls limitations until the discovery of the injury, not of the specific tortfeasor.

> The Texas Supreme Court has formulated the discovery rule as follows:
>
> [T]he statute of limitations does not begin to run until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act. Stated a slightly different way, [t]he discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action.

*Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022) (internal quotation marks and citations omitted). The rule "is a narrow exception that is only applied in 'exceptional cases.'" *Id.* (quoting *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006)). "The question is whether the injury incurred is inherently undiscoverable." *Id.* If the injury "is by nature unlikely to be discovered within the

9

prescribed limitations period despite due diligence," *id.* (internal quotation marks and citations omitted), the discovery rule may extend the limitations period.

The Texas Supreme Court recently held that the discovery rule did not apply in a case involving similar facts to those present here. *See Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, No. 21-0913, ___ S.W.3d ___, 2023 WL 175434 (Tex. Jan. 13, 2023) (per curiam). The *Marcus & Millichap* case concerned the sale and leaseback of a gas station. The broker, Marcus & Millichap (retained by both parties), represented to the purchaser that the investment was sound, and that there would be little risk with respect to the lease payments. *Id.* at *4. The lessee defaulted four years after the transaction, and the purchaser sued the lessee for breach of contract. *Id.* After the purchaser deposed key witnesses, it began "to suspect that Marcus & Millichap misrepresented the sale . . . by omitting key details about the nature of the lease and overvaluing the property in order to raise its commission." *Id.*

The purchaser then sued Marcus & Millichap for, among other things, fraud. Because suit was filed more than four years after the lessee's default, the trial court entered summary judgment for Marcus & Millichap on limitations grounds. The court of appeals reversed, acknowledging that the purchaser knew of its injury when the lessee defaulted, but identifying a fact issue as to whether the purchaser "knew or should have known . . . that the injury was the result of wrongful acts committed by Marcus & Millichap." *Id.* at *3. The Texas Supreme Court reversed the appellate court and reinstated the trial court's judgment, holding that, when the lessee defaulted, the purchaser "knew or should have known that something was amiss." *Id.* at *4 (citing *Berry*, 646 S.W.3d at 525).

Here, the plaintiffs knew they had been injured when SunTx Limited defaulted on its obligations as guarantor. In light of SunTx Limited's alleged representations as to its financial

10

condition and ability to serve as guarantor, its failure to pay the guaranteed obligations should have indicated to the plaintiffs that "something was amiss." Like the purchaser in *Marcus & Millichap*, the plaintiffs should have recognized the possibility of fraud before the postjudgment deposition at which they determined that SunTx Limited "had absolutely no ability to satisfy its obligations." (Docket Entry No. 42 ¶ 56). The discovery rule does not apply to the plaintiffs' claims.

The doctrine of fraudulent concealment "tolls limitations because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011).

> [A] party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense. A mere pleading does not satisfy either burden.

*KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749–50 (Tex. 1999).

Fraudulent concealment does not apply here because the plaintiffs have not submitted or pointed to summary-judgment evidence supporting a finding that the defendants concealed their financial condition until after the limitations period had run. The plaintiffs do not point to evidence, for example, that the defendants misrepresented SunTx Limited's financial condition to the plaintiffs after the defendants executed the guarantees but before they failed to pay the guaranteed obligations. *Cf. Hooks v. Samson Lone Star, L.P.*, 457 S.W.3d 52, 60 (Tex. 2015) (evidence of falsified public records filed by the defendant created a fact issue with respect to fraudulent concealment). The failure to pay on the guarantees was a breach of the parties' contract; it does not in itself support a reasonable finding of a deceitful concealment of wrongdoing.

### 2. Res Judicata

The defendants, pointing to the plaintiffs' previous suit litigated to final judgment in this court, argue that res judicata bars the plaintiffs' claims. "[T]he res judicata effect of federal

diversity judgments is prescribed by federal law." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001).

Res judicata, or claim preclusion, bars a plaintiff's claim when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Courts "employ[ ] a transactional test to assess whether multiple suits involve the same claim or cause or action." *Houston v. Citi Mortg. Corp.*, No. 3:15-cv-3098-B, 2016 WL 3182003, at *2 (N.D. Tex. June 8, 2016). "Under the transaction test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or a series of connected transactions, out of which the original action arose." *Id*. (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). "The critical issue is whether the [repeated lawsuits] are based on the 'same nucleus of operative facts.'" *Id*.

The parties dispute only the fourth element of the res judicata analysis described in *Petro-Hunt*.[2] The plaintiffs argue that res judicata does not preclude this suit, because their "present causes of action are based on the misrepresentations Defendants made in regard to the SunTx Limited Partnership's ability to satisfy their obligations under the payment guarantees." (Docket Entry No. 42 ¶ 62). The plaintiffs argue that only after the previous lawsuit ended were the plaintiffs "afforded . . . the right to investigate [SunTx Limited's] assets, thereby allowing Plaintiffs to discover the subject misrepresentations and resulting injury had occurred." The defendants respond that the plaintiffs' argument amounts to a "claim-specific discovery rule" for res judicata purposes. (Docket Entry No. 45 at 14). The defendants cite *Harnett v. Billman*, 800 F.2d 1308,

---

[2] The defendants' state that "the only real dispute in this case is the identity of the parties between the two lawsuits," (Docket Entry No. 40 at 22), but the plaintiffs do not dispute that element of the analysis.

12

1313 (4th Cir. 1986), which held that "[f]or purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." *Id.* at 1313. The *Harnett* case has been cited approvingly by at least two other circuits. *See Johnson v. Dep't of Veterans Affairs*, 611 F. App'x 496, 499 n.2 (10th Cir. 2015); *Johnson v. SCA Disposal Servs. of New Eng., Inc.*, 931 F.2d 970, 976 n. 20 (1st Cir. 1991).

Whether a case involves "the same nucleus of operative facts" is determined by "the factual predicate of the claims asserted." *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. FDIC,* 977 F.2d 166, 171 (5th Cir. 1992)). "[T]he type of relief requested, substantive theories advanced, or types of rights asserted is not controlling for purposes of the transactional test." *In re Paige*, 610 F.3d 865, 872–73 (5th Cir. 2010) (internal quotation marks and citation omitted). This is true even when "several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability." *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. c (1982)). "Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim could or should have been brought in the earlier litigation." *D–1 Enters., Inc. v. Com. State Bank*, 864 F.2d 36, 38 (5th Cir. 1989).

The previous lawsuit involved the same guarantee agreements that are at issue here. In that case, recovery was based on breach of contract; here, on fraud. SunTx Limited's failure to pay the guarantees when demand was made, as the court previously noted, should have alerted the plaintiffs of the potential presence of fraud. The plaintiffs have not shown any obstacle preventing them from pursuing both theories in a single action. Res judicata bars the plaintiffs' claims.

## IV. Conclusion

The plaintiffs' motion for partial summary judgment, (Docket Entry No. 41), is granted.

The defendants' motion for partial summary judgment, (Docket Entry No. 40), is also granted.

Final judgment will be entered by separate order.

SIGNED on March 3, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge